# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Andreal Holland by his Guardian Ad Litem Peggy Knox, )<br><br>Plaintiff, )<br><br>v. )<br><br>Morbark, Inc., Precision Husky Corporation, A&K Mulch, LLC, And Watford Industry, Inc., )<br><br>Defendants. ) | Civil Action No.: 2:09-CV-00898-PMD<br><br>**ORDER** |

This matter is before the court upon Plaintiff Andreal Holland's ("Plaintiff") Motion to Remand pursuant to 28 U.S.C. § 1447(c). Plaintiff claims that complete diversity of citizenship is lacking because Defendant Watford Industry, Inc. ("Watford") is a citizen of South Carolina, as is Plaintiff. Defendant Morbark, Inc. ("Morbark") contends that Watford is fraudulently joined, and, therefore, that removal is proper. For the following reasons, the court grants Plaintiff's Motion to Remand.

## BACKGROUND

As stated in his Amended Complaint, Plaintiff alleges that while at work on June 1, 2006 he was injured while operating a Morbark Model 58 wood chipper when he opened the hood access door to view the interior wheel area. Plaintiff alleges that after powering off the wood chipper, he mistakenly determined that the wheel had stopped turning and that when he attempted to open the hood access door to the wheel, the hood came in contact with the rotating fan blades which caused the hood to kick back and strike the Plaintiff in the head. Plaintiff filed this action alleging negligence, strict liability, and breach of warranty against Defendant

1

Morbark, as the manufacturer of the wood chipper, and against Defendant Husky Corporation, as the seller and distributor of the wood chipper.

Plaintiff also alleges that Defendant Watford was negligent in the installation of the wood chipper for installing the wood chipper without an interlock, without a motion detector, without a securely fitted hood/cutter access door with positively secured and fitted pins upon which to rotate, and without proper instructions and warnings communicating the serious hazard created by the heavy rotating cutting wheel that continues to turn after the electrical power had been shut off. Plaintiff also claims that Watford was negligent in failing to inspect the installation and operation of the machine to assure its operating and maintenance features were in accord with industry standards and practices adequate to assure the machine was safe to use.

Plaintiff also had a claim for negligence against his employer, Defendant A & K Mulch; however, after learning that A & K Mulch was a named insured on the worker's compensation policy, Plaintiff has prepared a consent order providing for the voluntary dismissal of A&K Mulch as a defendant in this action.

Plaintiff is a citizen of Clarendon County, South Carolina. Defendants Morbark and Husky are out-of-state citizens; however, Watford is a citizen of South Carolina as it is incorporated and has its principal place of business in South Carolina. Defendants removed this case on April 6, 2009 from the South Carolina Court of Common Pleas for Clarendon Country based on the allegedly fraudulent joinder of Watford. On March 7, 2009, Plaintiff filed a Motion to Remand.

## **STANDARD OF REVIEW**

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia*

*Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Section 1447(c) of the United States Code provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon*, 369 F.3d at 816.

Section 1441 of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this case, Defendants allege that removal was proper because the district court had original jurisdiction to hear Plaintiff's case under 28 U.S.C. § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *See Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). If, however, the defendant can show that the joining of a non-diverse party is fraudulent, then an action may be removable. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

"To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks

omitted). "The party alleging fraudulent joinder bears a heavy burden--it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief." *Id.* at 425. In order to determine whether a pleading is fraudulent, the Court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may resolve the issue by any means available. *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

## ANALYSIS

I.  **Plaintiff's Motion to Remand**

Plaintiff asserts that this court lacks subject matter jurisdiction because Defendant Watford, like Plaintiff, is a citizen of the state of South Carolina. Defendant Morbark argues that Watford has been fraudulently joined to this case, and that Plaintiff cannot recover from Watford. Morbark argues that as Watford did not design, manufacture, sell, or distribute the wood chipper, Watford was under no legal duty to modify the design of the wood chipper or provide adequate warnings to the ultimate operator of the machine. Morbark states that "only sellers and manufacturers may be held liable for negligently designing, manufacturing, or selling a product that is alleged to be defective in design or manufacture." (Morbark's Mem. at 7). Morbark also states that "South Carolina law does not recognize a cause of action for negligence regarding an allegedly defective product against a party that did not design, manufacture, or sell the product at issue." (*Id.*). Morbark does not point to any South Carolina cases that directly state the law as Morbark claims. However, Morbark cites to a Third Circuit case applying

4

Pennsylvania law, where the estate of an employee who was killed while operating a machine sued the installer of the machine alleging it "was negligent in failing to equip the machine with various safety features and warnings that were required under federal regulations and various industry standards and that would have prevented the accident in question." *Rotshteyn v. Agnati, S.P.A.,* 149 Fed. Appx. 63 (3rd Cir. 2005) (applying Pennsylvania law). The *Rotshteyn* court held that because the defendant installer was under no common law, statutory, or contractual duty to install additional safety devices with which the machine had not originally been equipped, it was proper for the district court to grant summary judgment for the installer. Morbark uses this Pennsylvania case to argue that Watford as the installer of the wood chipper was under no legal duty to "redesign or reengineer" the wood chipper with an interlock, motion detector, or additional warnings. Lastly, Morbark argues that Plaintiff has failed to allege that installation of the wood chipper is a proximate cause of his alleged injuries and that, rather, Plaintiff alleges that it was the defective nature of the product caused Plaintiff's injuries.

The court finds that Defendant Morbark has not carried its heavy burden of showing that even after resolving all issues of law and fact in Plaintiff's favor that there is no possibility that the Plaintiff would be able to establish a cause of action against Watford in state court. *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). First, South Carolina case law has not directly addressed the duty of care owed by an installer of a defective product. While Defendant Morbark is correct in that other states have found installers to have no duty to install safety features on products where the installer has no control over the design of the product, *See e.g., Rotshteyn,* 149 Fed. Appx. 63, even those courts recognize that under certain facts installers could assume that duty as for example by contract. (*Id.*). On the other hand, other courts have found that installers still have a duty of care to recognize a risk of unreasonable harm to those

who use the product as assembled. *Yost v. Fuscaldo*, 408 S.E.2d 72, 77 (W. Va. 1991). Although less onerous a duty than that of the manufacturer, cases such as *Yost* demonstrate that installers may have some duty of care. In addition, most courts finding an installer had no duty of care do so after discovery and/or expert testimony as to the appropriate standard of care. *See e.g., Id., Rotshteyn,* 149 Fed. Appx. 63, *Fallon v. Matworks,* 918 A.2d 1067 (Conn. Super. Ct. 2007). Plaintiff argues and the court agrees that at this early stage in the litigation before discovery, there are still factual questions as to whether a duty of care exists including a question of whether Watford had contractually assumed that duty.

Additionally, Plaintiff also claims that Watford was negligent in failing to warn of the serious hazard created by the heavy rotating cutting wheel that continues to turn after the electrical power has been shut off. While South Carolina has no case law directly addressing an installer's duty to warn, other courts have found that installers can have a duty to warn of concealed dangers known to the installer. *Lucas v. Dorsey Corp.,* 609 N.E.2d 1191, 1198 (Ind. Ct. App. 1993). Therefore, there remain open questions of law and fact as to whether Watford had a duty to warn of concealed dangers known to Watford and unknown to Plaintiff.

However, more importantly, Plaintiff also claims that Watford was negligent in installing the wood chipper "without a securely fitted hood/cutter access door with positively secured and fitted pins upon which to rotate." (Am. Compl. At 7). This claim seems to be one for negligent installation apart from the allegedly defective design of the wood chipper. Viewing Plaintiff's allegations in a more favorable light as required when analyzing a claim for fraudulent joinder, Plaintiff has a possibility of having a viable claim as there is a cause of action under South Carolina law for negligent installation. *See e.g., SCE&G v. Combust Eng'g, Inc.,* 322 S.E.2d 453 (S.C. Ct. App. 1984).

Lastly, Morbark argues that Plaintiff has failed to allege that installation of the wood chipper is a proximate cause of his alleged injuries and that, rather, according to Morbark, Plaintiff only alleges that it was the defective nature of the product that caused Plaintiff's injuries. However, a review of Plaintiff's Complaint reveals that Plaintiff is claiming that the "joint and several *acts and omissions* of the Defendants" are the proximate cause of his injuries. (Am. Compl. At 9). Plaintiff's Complaint can be interpreted as saying that Watford's act of negligently installing the wood chipper is a proximate cause of Plaintiff's injury. In that sense, Plaintiff is not only alleging that it was the defective nature of the product that caused his injuries but that also the various acts and omissions of the Defendants apart from the design caused his injuries.

As Plaintiff's claims are not clearly disallowed under South Carolina law and as there are questions of fact as to Watford's duty of care, the court cannot find that Plaintiff has no possibility of recovering against Watford in a South Carolina state court as required to establish fraudulent joinder. Therefore because diversity of citizenship is lacking between Plaintiff and Defendant Watford, the court remands the case to South Carolina state court.

## II.     Plaintiff's Request for Attorney Fees

Finally, Plaintiff has requested that this Court award him attorney fees due to Defendants' allegedly fraudulent and frivolous removal of this matter to federal court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether or not to award attorney fees under this section is left to the sound discretion of the court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). There is a presumption neither in favor of nor against the awarding of attorney fees under 1447(c). *Martin*, 546 U.S. at 136. "[T]he standard for awarding fees should

7

turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. *See also In re Lowe*, 102 F.3d 731, 733 (4th Cir. 1996) (holding that awarding of attorney fees and costs was appropriate under § 1447(c) where "'a cursory examination . . . would have revealed' a lack of federal jurisdiction.") (citation omitted); *Clipper Air Cargo, Inc. v. Aviation Products Intern., Inc.*, 981 F. Supp. 956, 960 (D.S.C. 1997) (holding that awarding of attorney fees and costs is appropriate under § 1447(c) where removal is "frivolous").

While the court has ultimately concluded that it lacks jurisdiction to hear the case, there is no evidence that Defendant was acting in bad faith or attempting to harass or delay when it removed this matter. Defendant made several reasonable legal arguments as to why Defendant Watford was not a legitimate party to this case, and if Defendant believes it had a reasonable opportunity to prevail on such a claim and keep the case in federal court, they will not be punished for attempting to do so. Because the removal was based upon a reasonable legal argument and not so obviously frivolous as to constitute an abuse of the court system, the court denies plaintiff's request for attorney fees.

## CONCLUSION

For the foregoing reasons, the court **ORDERS** that Plaintiff's Motion to Remand be **GRANTED**. The Court further **ORDERS** that Plaintiff's Request for attorney's fees be **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 13, 2009**